United States District Court
District of Minnesota
Third Division

ADVANCED UROSCIENCE, INC., a
Minnesota corporation,

Civil No. 00-58 ADM/AJB

Plaintiff,

v.

ORDER

INAMED CORPORATION, a Delaware
corporation, MCGHAN MEDICAL
CORPORATION, a California corporation,
COLLAGEN AESTHETICS, INC., a
Delaware corporation,

Defendants

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendants' motion to extend time to answer, move or otherwise plead. Hearing was held on July 10, 2000, at 638 United States Courthouse, 316 N. Robert St., St Paul, MN. Ann N. Cathcart, Esq. appeared on behalf of plaintiff; Lawrence T. Kass, Esq., and Timothy A. Lindquist, Esq., appeared on behalf of defendants. Based on the file, motions, and argument of counsel, **IT IS HEREBY ORDERED THAT** defendants' motion to extend time to answer, move or otherwise plead is **GRANTED**. Defendants shall answer no later than July 21, 2000. [Docket No. 4]

Dated: 7/1/00

Arthur J. Boylan
United States Magistrate Judge

FILED JUL 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

## MEMORANDUM

Defendants have moved for a second extension of time to answer the complaint. Plaintiff previously agreed to one thirty-day extension, but opposes another. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), defendants were required to file their answer twenty days after they were served with the complaint. While extension requests by opposing counsel are often unopposed, they are not automatic and should not be presumed. Plaintiff is entirely within its rights to oppose a second extension.

Plaintiff has indicated that in the event this motion is denied, it will seek a default judgment. Based on a summary review of the relevant standards and caselaw, the Court concludes that plaintiff cannot make a showing sufficient to obtain a default judgment. Battle v. Prudential Ins. Co. Of America, 973 F.Supp. 861 (D. Minn. 1997). Counsel for plaintiff stated in argument that her client is anxious to move forward and resolve this litigation. Therefore, in the interest of expediency, the Court is granting defendants' motion in order to avoid the further delays and additional cost, both to the parties and the Court, which a motion for default would entail.

The Court does not, however, wish to endorse defendants' failure to answer a complaint they might have anticipated as early as December 1999. The failure to answer, while not the result of "willful violations of court rules, contumacious conduct, or intentional delays," United States ex rel. Time Equip. Rental and Sales v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), is not a strategy or type of conduct the Court encourages.